## Litzenberg, Appellant, *v.* Litzenberg.

*Divorce—Desertion—Agreement of separation.*

Where a husband and wife enter into a written agreement to live separate and apart "for the space of two years from the first day of September and so on from year to year thereafter, unless either party hereto shall have given the other party at least sixty days' written notice prior to the expiration of his or her intention or desire to terminate said agreement," and the husband pays his wife a certain sum per month for several years in compliance with the terms of the agreement, the husband cannot have a divorce for desertion unless he shows that he had given a distinct and unequivocal notice to his wife of an election to terminate the agreement. A mere letter suggesting a reconciliation is not such a notice.

Argued Dec. 9, 1913.  Appeal, No. 234, Oct. T., 1913, by plaintiff, from order of C. P. No. 5, Phila. Co., Dec. Term, 1912, No. 439, refusing divorce in case of Herbert Stell Litzenberg v. Margaret Elizabeth Litzenberg. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ.  Affirmed.

Libel for divorce.

Exceptions to master's report.

The court filed the following opinion:

The libelant and respondent, by articles of separa-

tion, mutually agreed to live separate and apart, after several previous separations followed by reconciliations between July 1, 1901, and August 30, 1907. The respondent was maintained by the libelant under the requirements of the articles of separation, which provided that "the parties agreed to live apart for the term of two years and so on from year to year, unless either party should give to the other at least sixty days' notice of his or her intention to terminate" the agreement.

After February, 1909, the parties libelant and respondent appear to have been considering the request of the respondent that her husband, the libelant, should institute divorce proceedings against her, as she was tired of her manner of living and had offers of marriage which she could not take advantage of. On March 23, and April 23, the libelant discussed with the respondent this question of agreement for institution of proceedings for divorce, but they could not come to an understanding. By May 22, the libelant again went to see his wife and everything (the master reports) "was congenial" and he "thought they were going to have a reconciliation." From that time until August respondent visited her sister at Brigantine Beach. After this the parties met occasionally until Christmas, when they had dinner together at libelant's father's house. On New Year's Day they went to the Majestic Hotel to observe the New Year's celebration. Then they later went to the theater together in March and to the Majestic for lunch. Then they had an argument, after which the respondent "told" libelant "to go away and never come back." In October, at the Gladstone, respondent insisted that libelant start divorce proceedings. In February, 1912, libelant again called on his wife, when she refused to have anything to do with him, and said she would never go back. In October, 1912, respondent called on libelant and again asked that "he start divorce proceedings." During all of this time the libelant "under articles of separation" had been paying to his wife $30.00

a month and had expended other moneys for clothing, etc., making an aggregate of $50.00 to $55.00 a month.

It is self-evident that while the agreement for separation was in force there could be no malicious desertion of the husband by his wife, as the separation, which from the evidence was not a total separation, was by virtue of the terms of the articles of separation agreed to by both parties. As the master finds this relationship between the parties continued until October, 1912, how, we may well inquire, could there be a willful and malicious desertion for and during the term of two years? There was not an absence of the "plaintiff's consent to the separation," because there was an agreement for the separation, which the libelant recognized by complying with its terms in paying for his wife's support. The separation was the result of mutual arrangements.

The conclusions of the learned master are not warranted by the evidence. The libelant has not shown a willful and malicious desertion persisted in without just or reasonable cause for the space of two years, and the libel must be dismissed.

*Error assigned* was the order of the court.

*Michael J. Geraghty,* for appellant.—Articles of separation are not a bar to divorce for willful and malicious desertion: Alleman v. Alleman, 2 Dauphin County Repr. 209; Schwab v. Schwab, 19 Phila. 338; Smith v. Knowles, 2 Grant, 413; McKennan v. Phillips, 6 Wharton, 571.

The provision in the articles of separation for the maintenance of the appellee was simply in lieu of an order in the desertion court or a decree in the divorce court for alimony, and did not militate against the appellant's right to a divorce on the ground of desertion: Bauder's App., 115 Pa. 480; Van Dyke v. Van Dyke, 135 Pa. 459; Gates v. Gates, 43 Atl. Repr. 436.

The consent of the appellant to his wife's separation from him expressed in the "articles of separation" was

revocable at any time thereafter upon a bona fide offer on the part of the appellant to resume marital relations with the appellee: Butler v. Butler, 1 Parsons' Select Cases in Equity, 329; Kelly v. Kelly, 51 Pa. Superior Ct. 603; Pearce v. Pearce, 53 Pa. Superior Ct. 129; King v. King, 36 Pa. Superior Ct. 33; Kurniker v. Kurniker, 54 Pa. Superior Ct. 196; Hankinson v. Hankinson, 33 N. J. Equity, 66.

No printed brief for appellee.

Opinion by Porter, J., May 4, 1914:

The opinion filed by the court below, which will appear in the report of this case, so fully states the facts and gives reasons so sufficient for dismissing the libel that we deem extended discussion of this appeal unnecessary. These parties entered into a written agreement, on August 30, 1907, to live separate and apart "for the space of two years from the first day of September and so on from year to year thereafter, unless either party hereto shall have given the other party at least sixty days' written notice prior to the expiration of any year of his or her intention or desire to terminate said agreement." The libelant covenanted in this agreement to pay his wife the sum of $30.00 per month for and during the term of said separation, "the first payment thereof to be made on the first day of September, 1907, and all subsequent payments to be made on the third day of each month thereafter, during the existence of said separation, or the existence of this agreement." The appellant filed this libel, on November 25, 1912, praying for a divorce from the bonds of matrimony, upon the sole ground of a willful and malicious desertion, alleged to have been persisted in from August 30, 1909. The libelant testified before the master, on June 9, 1913, that he had, under the agreement for separation, paid his wife not only the $30.00 per month but $20.00 or $25.00 per month besides, "right down to date;" that is down to June 9, 1913. It thus appeared that the ap-

pellant treated the agreement for separation as still in force and complied with its terms, and there is nothing in the evidence to indicate that he is not still so doing. When parties are living apart under such circumstances and under an agreement containing such covenants, it is incumbent upon the one who asserts that the separation has become a willful and malicious desertion upon the part of the other party to the agreement, to show that the party making the assertion has given a distinct and unequivocal notice to the other party of an election to terminate the agreement. There was no evidence of any such unequivocal notice in the present case. The letter written by the appellant to the respondent, on August 30, 1909, did not in express terms nor by implication terminate the agreement to live separate and apart, all that it did was to suggest that the parties should endeavor to effect a reconciliation. This appellant has never taken proper steps to terminate the agreement, and his own testimony shows that he still considers it in force; the parties would meet, attend theaters and social functions in company and the libelant all the time continued voluntarily to furnish his wife with money in order to enable her to live separated from him. The testimony in this case clearly indicates that each of these parties is desirous of being divorced and gives rise to the reasonable inference that this libel was filed in pursuance of an agreement between them. The appellant testified that the respondent came to his office to see him, in February after this libel was filed, and that she then gave him voluntarily the letter which he had written to her in August, 1909. The mere fact that the parties desire a divorce does not vest the courts with jurisdiction to so decree, the burden is upon the libelant to establish by satisfactory evidence the facts which, under the statute, entitle him to a divorce, for the very cause alleged in his libel.

The decree is affirmed and the appeal dismissed at cost of the appellant.